BRADFORD SAVINGS BANK & TRUST COMPANY, APPELLANT,
v. ADALINE CRIPPEN ET AL., APPELLEES.*

FILED DECEMBER 4, 1901.　No. 10,540.

Commissioner's opinion, Department No. 3.

**Simulated Decree Without Consent of Party in Interest Ineffectual.**
A simulated decree of foreclosure and sale upon a mortgage
upon real property, without the consent or knowledge of the
owner of the debt and instrument which the mortgage was
given to secure, and in a name, as plaintiff, that does not ap-
pear in the mortgage or upon the records of the register of
deeds, and a sale and conveyance pursuant to such simulated
decree, are ineffectual upon the rights of the true owner of
the debt and mortgage.

APPEAL from the district court for Cass county. Heard
below before RAMSEY, J. *Reversed.*

*Flansburg & Williams,* for appellant.

*Frank H. Woods, contra.*

AMES, C.

Adaline Crippen, being the owner in fee of a tract of
land situate in Cass county, executed a mortgage thereon
conditioned to secure the payment to Benjamin A. Gibson
or order of a promissory note bearing annual interest and
payable, as to principal, five years after date. The mort-
gage contained a covenant to the effect that upon default
of payment of any instalment of interest, the note should
become immediately due and payable. Gibson sold and
indorsed the note to one Leslie, guaranteeing payment,
and Leslie sold and delivered it to the appellant, the Brad-
ford Savings Bank & Trust Company. Gibson was an at-
torney at law, and, by connivance with or imposition upon
his law partner procured the latter, after the sale of the
note to the applicant, to begin and prosecute an action for
the foreclosure of the mortgage in the name of Leslie as
plaintiff, alleging ownership of the note in him, and a de-

*Rehearing allowed. Reversal vacated. Affirmed by stipulation.

fault in payment of interest. There had been no default of an interest payment and the action and its consequences, hereinafter recited, do not appear to have been with the knowledge of Leslie, and were certainly without the knowledge of the appellant. No assignment of the mortgage was ever put upon the records of the county, or presumably was ever made. Service was made upon all the apparent parties to the title, and the action proceeded regularly to decree, sale and confirmation, Gibson becoming the purchaser; and a certificate to that effect was executed by the clerk of the court, and filed with the register of deeds. By this proceeding the lien of the mortgage was apparently merged in the fee, and the latter transferred from Crippen to Gibson. Afterwards, and after recording the sheriff's deed to himself, Gibson obtained a loan of a sum of money, and, to secure the payment of the same, executed and delivered his negotiable note and a mortgage on the premises to one Munson, who still subsequently sold, indorsed and delivered the note and assigned the mortgage for value, before maturity, to the appellee Edward A. Bangs. Bangs purchased his note and mortgage in reliance, in good faith, upon the state of the title as disclosed by the records of Cass county, of which, before purchasing, he caused a search and examination to be made. Five months later the appellant the Bradford Savings Bank & Trust Company began this action to foreclose the first mortgage, making Crippen, Gibson and Bangs, and intermediate assignees of the second mortgage parties. Issues were made up between the appellant and Bangs, the other parties making default, and the case was tried and submitted to the court upon the foregoing state of facts, about which there was and is no dispute. The court adjudged the title to be in Gibson, subject to a first lien thereon in favor of the defendant Bangs for the amount of his mortgage, and to a second lien thereon in favor of the appellant for the amount of its mortgage, and entered a decree of foreclosure and sale for the satisfaction of the liens in the order named.

Counsel for appellant contends that this decree is erroneous because the first action was begun and prosecuted to decree and sale without the authority or knowledge of the then owner of the first mortgage, and in fraud of its rights; that the mortgage having been given to secure the payment of a negotiable note, partook of the negotiable character of the latter instrument, and that therefore the action in foreclosure by the indorser after he had parted with the title and possession of the instrument conferred no jurisdiction of the person of the appellant, or the subject of the action upon the court, and was as ineffectual as respects the lien of the mortgage as would have been a suit or judgment at law on the note upon the title to and right of action upon the latter under like circumstances. This is the sole question in the case. The appellant admits, as under authority of *Whipple v. Fowler,* 41 Nebr., 675, he is obliged to do, that, the facts being otherwise unchanged, if Gibson had executed and made of record a release of the first mortgage, and had then obtained a conveyance of the title and made the Bangs mortgage, the latter instrument would have been the superior lien; and it is not seriously, and can not be successfully, contended, under the authority of *Rumery v. Loy,* 61 Nebr., 755, and *Perry v. Baker,* 61 Nebr., 841, that if the first proceeding in foreclosure had been prosecuted by Gibson in his own name, as plaintiff, the result would have been the same. But counsel for the appellant insists that the same consequences do not flow from a foreclosure by one who was a stranger to the record title, and who had parted with the note which the mortgage was conditioned to secure, because, he says, if that be true, any stranger to the transaction might by the same means have deprived the appellant of his lien. He contends, therefore, that without the production of the note by the plaintiff in the first foreclosure suit, the court was without jurisdiction over the subject-matter, and that in the absence of evidence of such production, apparent upon the record, the decree and sale thereunder are absolutely void, and should be so adjudged even

upon a collateral attack. On the other hand, it is contended that the ownership of the note in the plaintiff was one of the necessary allegations in his petition, and a fact which, whether denied or not, the court was called upon to find and adjudicate; that its production, or even possession, is not in all cases requisite, and that proof might have been made of its loss or destruction, or it might have been surreptitiously produced without the consent or knowledge of the owner; that there is no statute requiring its production or cancelation, and silence of the record in that respect did not render the decree of foreclosure erroneous or reversible by the defendant to the action, and that even if an issue as to ownership had been made, and the fact had been found for the plaintiff from conflicting evidence, the defendants could not, under a well known rule, have obtained a reversal in this court, and finally, that the appellant was negligent in omitting to procure and make of record an assignment of the mortgage, and the principle is invoked that, when one of two innocent parties must suffer, the loss will fall upon him whose fault or neglect rendered the injury possible. It is argued that a bona-fide purchaser or mortgagee for present value of real property, has an absolute right to rely upon the state of the title as disclosed by the records of the county in which the land lies. We are unable to see the applicability of these latter principles to the matter in controversy. We do not think it a matter of importance that the Crippen mortgage was given to secure a negotiable note. However negligent may have been the omission of the appellant to obtain and make of record an assignment of this mortgage, we do not see that such omission contributed in any degree to mislead or injure the second mortgagee or his successors in interest. Under the circumstances, Gibson had the power, but not the lawful right, to release the mortgage as to subsequent purchasers or mortgagees in good faith; and it is because he had that power, being the apparent owner of the mortgage, that he might have effected the same object by foreclosure in his own name as

plaintiff.  But Leslie did not have that power.  Leslie
could have released only by forging Gibson's name, and,
if an assignment had been made of record, neither he nor
Gibson could have released, except by forging the name
of the assignee; and we presume that it will not be con-
tended that a forged release would, in either case, have
affected the lien of the first mortgage.  Neither would the
presence of the assignment upon the record have prevented
or hindered Leslie from beginning and prosecuting his fic-
titious action of foreclosure.  This action would have been
in no greater or other sense without authority in such a
case than it was in fact; nor, in such a case, would any
additional allegations in the petition, or proof at the hear-
ing, have been requisite to the obtaining of a decree.  The
decree and sale have, and in the supposed case would have
had, precisely the same rank and importance, so far as re-
spects the lien of the Gibson mortgage, as would have
had a forged release.  There must be at least two parties
to every adversary action, namely, a plaintiff and a de-
fendant.  If either is lacking the court acquires no juris-
diction of the other or of the subject-matter.  The use of
the name of Leslie as plaintiff in the first foreclosure suit,
without his consent or knowledge, or that of the owner of
the securities, was as purely a fiction as it would have
been had no person of that name ever lived.  Any other
name, real or fictitious, might have been substituted with-
out affecting the validity of the proceeding in any respect
or degree.  His name did not appear upon the records of
the register of deeds, and there was no plaintiff in the ac-
tion in whose behalf a decree of foreclosure could have
been rendered, and consequently the proceeding was a
mere nullity.  It may be objected that this conclusion
leaves titles derived from decrees of mortgage foreclosure
and sale resting upon insecure foundations, but, if so, that
is an evil for which a remedy, if any, must be provided by
the legislature, and not by the court.  The court is with-
out lawful right to deprive innocent people of their choses
in action and securities for the purpose of protecting the

titles of purchasers at judicial sales and their grantees. It is true that the assignee of the second mortgage and the appellant are equally innocent. The equities are equal, but the law is with the appellant, and it is a maxim that in such cases the law will prevail.

It is recommended that the judgment be reversed and vacated, and the action remanded to the district court for further proceedings not inconsistent with this opinion.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment be reversed and vacated and the action remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.